BLANK ROME LLP
Joshua Briones (SBN 205293)
JBriones@BlankRome.com
E. Crystal Lopez (SBN 296297)
ECLopez@BlankRome.com
2029 Century Park East, 6th Floor
Los Angeles, CA 90067
Telephone:   424.239.3400
Facsimile:   424.239.3434

Attorneys for Defendant
EVERQUOTE, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD FRIEDMAN, individually and on behalf of a class of similarly situated individuals,<br><br>                    Plaintiff,<br><br>          vs.<br><br>EVERQUOTE, INC., D/B/A CHEAPERAUTOCOVERAGE.COM,<br><br>                    Defendant. | Case No. 2:16-cv-01269-SVW-FFM<br><br>**DEFENDANT EVERQUOTE, INC.'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>[*Declarations Of Tomas Revesz and Crystal Lopez; and Proposed Order filed concurrently herewith*]<br><br>Judge:  Stephen V. Wilson<br><br>Date:    May 23, 2016<br>Time:    1:30 p.m.<br>Place:   312 N Spring Street<br>             Los Angeles, CA 90012<br>             Courtroom No. 6<br><br>Complaint Filed: February 24, 2016<br>Amended Compl. Filed: April 26, 2016 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 23, 2016 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom No. 6 of the above-referenced Court, located at 312 N. Spring Street, Los Angeles, CA 90012, defendant EverQuote, Inc. ("EverQuote") will, and hereby does, move for sanctions against plaintiff Todd Friedman ("Plaintiff") and his counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Motion"). EverQuote's Motion is based on the ground that Plaintiff has ignored dispositive facts and law prior to filing his Amended Complaint against EverQuote, which was brought for an improper purpose and without sufficient evidentiary support.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the declarations of Tomas Revesz and E. Crystal Lopez, the pleadings and papers on file, and upon such oral argument as may be made at the hearing on this Motion.

Pursuant to Local Rule 7-3, counsel for EverQuote and for Plaintiff discussed the substance of this Motion and potential resolution in a series of email and telephone conversations ending in a telephone call on April 29, 2016. The parties were unable to resolve the disputes raised in this Motion. (Declaration of Crystal Lopez, ¶ 8, 12-14).

DATED: April 29, 2016                    BLANK ROME LLP


                                         By: _/s/ E. Crystal Lopez_____
                                         Joshua Briones
                                         E. Crystal Lopez
                                         Attorneys for Defendant
                                         EVERQUOTE, INC.

147541.00601/102113989v.3

BLANK ROME LLP
Joshua Briones (SBN 205293)
JBriones@BlankRome.com
E. Crystal Lopez (SBN 296297)
ECLopez@BlankRome.com
2029 Century Park East, 6th Floor
Los Angeles, CA 90067
Telephone:   424.239.3400
Facsimile:    424.239.3434

Attorneys for Defendant
EVERQUOTE, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD FRIEDMAN, individually and on behalf of a class of similarly situated individuals,<br><br>      Plaintiff,<br><br> vs.<br><br>EVERQUOTE, INC., D/B/A CHEAPERAUTOCOVERAGE.COM,<br><br>      Defendant. | Case No. 2:16-cv-01269-SVW-FFM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT EVERQUOTE, INC.'S MOTION FOR SANCTIONS PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>[*Declarations Of Tomas Revesz and Crystal Lopez; and Proposed Order filed concurrently herewith*]<br><br>Judge:  Stephen V. Wilson<br><br>Date:   May 23, 2016<br>Time:   1:30 p.m.<br>Place:  312 N Spring Street<br>    Los Angeles, CA 90012<br>    Courtroom No. 6<br><br>Complaint Filed: February 24, 2016<br>Amended Compl. Filed: April 26, 2016 |

147541.00601/102113989v.3

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ...................................................................................... 1

II.    BACKGROUND FACTS ........................................................................... 2

    A.    The Click Cash Management, Inc. E-Mail Marketing Campaign ............. 2

    B.    Plaintiff Receives a Single Text Message ................................................ 3

    C.    Plaintiff Rejects EverQuote's Efforts to Correct his Baseless
           Allegations ............................................................................................... 4

III.   ARGUMENT .............................................................................................. 5

    A.    The Standard Under Federal Rule of Civil Procedure 11 ......................... 5

    B.    Plaintiff Has No Evidence to Support His Factual Allegations ................. 6

    C.    Plaintiff's Legal Contentions are not Warranted by Existing Law ........... 7

    D.    Plaintiff and his Counsel's Rule 11 Violations Justify Both
           Monetary and Non-Monetary Sanctions .................................................. 9

IV.    CONCLUSION ........................................................................................ 11

147541.00601/102113989v.3                    i

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EVERQUOTE'S MOTION FOR
SANCTIONS UNDER RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Blotzer v. Alliance Security, Inc.*,
    No. 15-00421-JLS-JCG (C.D. Cal. Mar. 17, 2015) .................................................. 1

*Christian v. Mattel, Inc.*,
    286 F.3d 1118  (9th Cir. 2002) ........................................................................... 5, 10

*Cooter & Gell v. Hartmarx Corp.*,
    496 U.S. 384 (1990).................................................................................................. 5

*Greenfield v. U.S. Healthcare, Inc.*,
    146 F.R.D. 118 (E.D. Pa. 1993) ........................................................................... 10

*Holgate v. Baldwin*,
    425 F.3d 671 (9th Cir. 2005) .................................................................................. 5

*Integrated Circuit Sys., Inc. v. Realtek Semiconductor Co.*,
    No. C00-4035, 2002 U.S. Dist. LEXIS 6052 (N.D. Cal. Apr. 5, 2002)................... 9

*Keating v. Peterson's Nelnet, LLC*,
    615 Fed.Appx. 365 (6th Cir. 2015) ........................................................................ 9

*NLRB v. Dist. Council of Iron Workers of Cal. & Vicinity*,
    124 F.3d 1094 (9th Cir. 1997) ............................................................................... 9

*Shainfeld v. Premiere Political Communications*,
    No. 14-08845-AB-AJW (C.D. Cal. Nov. 14, 2014)................................................ 1

*Stewart v. Automated Income Stream, LLC et al.*,
    No. 15-03115-SVW-JC (C.D. Cal. Apr. 27, 2015) ................................................ 1

*Thomas v. Taco Bell Corp.*,
    879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012)....................................................... 7

*Thomas v. Taco Bell Corp.*,
    582 Fed.Appx. 678 (9th Cir. 2014) .................................................................... 7, 9

*Townsend v. Holman Consulting Corp.*,
    929 F.2d 1358 (9th Cir. 1991) ............................................................................... 6

*Truesdell v. S. Cal. Permanente Med. Grp.*,
    209 F.R.D. 169 (C.D. Cal. 2002)..................................................................9

*United States v. Bonds*,
    608 F.3d 495 (9th Cir. 2010) ......................................................................7

*Zaldivar v. City of Los Angeles*,
    780 F.2d 823 (9th Cir. 1986) ......................................................................6

**Statutes**

47 U.S.C. § 227 *et seq.* ...................................................................................1

**Other Authorities**

Fed. R. Civ. P. 11(b)(3) ...................................................................................5

Fed. R. Civ. P. 11(c)(1)...............................................................................5, 10

Fed. R. Civ. P. 11(c)(1)(A) .............................................................................4

Fed. R. Civ. P. 11(c)(2)................................................................................5, 9

Fed. R. Civ. P. 11(c)(4)....................................................................................9

*Restatement (Third) of Agency*, § 1.01 (2006)...............................................8

*Restatement (Third) of Agency*, § 2.01 .........................................................8

*Restatement (Third) of Agency*, § 2.03 .........................................................9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EVERQUOTE'S MOTION FOR
SANCTIONS UNDER RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE

# I.    INTRODUCTION

Plaintiff Todd Friedman ("Plaintiff") alleges violations of the Telephone Consumer Protection Act, 42 U.S.C. § 227 ("TCPA"), a statute addressed at intrusive telemarketing practices.   However, in a rush to turn a single text message into a lucrative class action, Plaintiff and his counsel, Joseph Miskabi, have violated Rule 11 of the Federal Rules of Civil Procedure.[1]   Defendant EverQuote, Inc. ("EverQuote") submits this memorandum of law in support of its motion for sanctions.

Plaintiff's Complaint alleges that Plaintiff received a single text message, stating "Time, REMINDER: You still qualify for 19.00/Month Auto Insurance.  Click Below.   http://po.st.WTFIga   Reply STOP to stop or HELP to help."  (Complaint (Complt.) ¶ 9.)  Plaintiff claims that the text message was sent by EverQuote using an "'automatic telephone dialing system,' ('ATDS') as defined by 47 U.S.C. § 227(a)(1)."  (Complt. ¶ 12.)  Plaintiff's allegations are not supported by any evidence or legal authority.

In an effort to resolve this case efficiently and without needlessly consuming the Court's resources, on March 10, 2016, EverQuote sent Plaintiff's counsel a detailed letter outlining the fallacies in Plaintiff's pleadings.  (Declaration of Crystal Lopez ("Lopez Decl."), ¶ 2, Ex. 1.)   Specifically, EverQuote explained that (1) EverQuote does not, nor has it ever, solicited Plaintiff or any consumers via text messages and (2) EverQuote strictly prohibits its vendors from sending any advertisements or materials to any individual or entity via text messages.   *Id*. Following the letter, counsel for EverQuote called Plaintiff's counsel twice to discuss the lack of any factual and legal basis supporting the Complaint, and to request

---

[1] Plaintiff Todd Friedman is a practicing attorney who is admitted to the Illinois State Bar Association and The State Bar of California.  The Law Offices of Todd M. Friedman's website (www.toddlaw.com) touts that Plaintiff has "litigated over 5,000 individual Plaintiff's cases" and that he has "orchestrated nation-wide consumer driven class litigation before a number of state and federal courts."  A review of TCPA cases recently filed by Plaintiff reveals that Plaintiff regularly asserts TCPA claims without pleading facts that plausibly support his assertions, as he and his counsel do here.  *See, e.g.*, *Stewart v. Automated Income Stream, LLC et al.*, No. 15-03115-SVW-JC (C.D. Cal. Apr. 27, 2015) (Lopez Decl., Ex. 6); *Blotzer v. Alliance Security, Inc.*, No. 15-00421-JLS-JCG (C.D. Cal. Mar. 17, 2015) (Lopez Decl., Ex. 7); *Shainfeld v. Premiere Political Communications*, No. 14-08845-AB-AJW (C.D. Cal. Nov. 14, 2014) (Lopez Decl., Ex. 8).

147541.00601/102113989v.3                                          1

immediate dismissal. EverQuote also provided Plaintiff's counsel with two dispositive documents which reveal the third party likely responsible for sending Plaintiff the alleged text message and confirm that third party acted outside the scope of its authority. Despite being provided with dispositive evidence, Plaintiff's counsel refused to dismiss the Complaint and instead indicated that he would file an amended complaint. *Id*. ¶ 7. On April 26, 2016, Plaintiff filed a First Amended Complaint ("FAC"). (Doc. 13).

Plaintiff's refusal to withdraw his lawsuit in light of the evidence presented to him and the absence of a legal basis for his claims can only mean that he has sued for the sole purpose of harassing EverQuote. Plaintiff and his counsel have violated Rule 11 of the Federal Rules of Civil Procedure by continuing this litigation even after discovering the claims and allegations in the Complaint and FAC are unsupported.

EverQuote respectfully requests this Court dismiss the FAC, impose sanctions on plaintiff and his counsel to deter them from repeating the conduct displayed here, and award the costs and fees incurred by EverQuote in preparing and filing this motion.

## II.   BACKGROUND FACTS

### A.   The Click Cash Management, Inc. E-Mail Marketing Campaign

On February 2, 2016, EverQuote engaged Click Cash Management, Inc. ("CCM"), to provide e-mail marketing services. (Declaration of Tomas Revesz ("Revesz Decl."), ¶ 3, Ex. A.) EverQuote and CMM executed an E-Mail Marketing Services Agreement ("Services Agreement") which strictly prohibits distribution of any advertisements or materials via text messages or calls. *Id*. Indeed, the Services Agreement specifically provides that:

> …with respect to any Campaign conducted hereunder, [CCM] shall comply, and shall cause its Network Affiliates to comply, at all times with the following standards of conduct and related obligations set forth herein…Mobile Distribution. No Advertisements, materials or messages of any kind may be distributed via Mobile Distribution, including without limitation, SMS or text messages or calls,

in connection with any Campaign or other services performed pursuant to this Agreement.

*Id.*, ¶ 3.5.  Mobile Distribution is defined as "distribution of Advertisements to mobile devices such as mobile phones, smartphones, and similar devices." *Id.*, ¶ 1.15.  The Services Agreement goes on to state that "[f]or avoidance of doubt, Mobile Distribution is not permitted under this Agreement." *Id.*  The marketing campaign under the Services Agreement ("Campaign") is limited to "distribution by [CCM] of advertisements for EverQuote via email in connection with this Agreement." *Id.* at ¶ 1.6).

On or about February 4, 2016, EverQuote submitted an Affiliate Email Insertion Order ("Order") to CMM to begin an email marketing campaign.  (Revesz Decl., ¶ 4, Ex. B.)  The Order states that the campaign is "Email Only" and prohibits certain advertisement types including, "SMS/Text." *Id.*  EverQuote did not, orally or in writing, authorize CCM to send any advertisements or materials to any individual or entity via text messages.  (Revesz Decl., ¶ 5.)

## B.   Plaintiff Receives a Single Text Message

Plaintiff alleges that on February 9, 2016, he received a single text message, stating:

> Tim
> REMINDER: You still qualify for 19.00/Month Auto Insurance.  Click Below.
> http://po.st.WTFIga
> Reply STOP to stop or HELP to help

(Complt. ¶ 9.)  On the basis of this single text message, Plaintiff seeks to represent a class of at least 'tens of thousands" of people, each of whom the Complaint claims is entitled to $500 or $1,500 in statutory damages from EverQuote.  (Complt. ¶¶ 19, 31, 35.)  Neither Plaintiff nor his counsel, however, can identify any factual basis for the allegations that EverQuote used an ATDS to send Plaintiff the text message.

## C. Plaintiff Rejects EverQuote's Efforts to Correct his Baseless Allegations

After Plaintiff filed the Complaint, EverQuote's counsel sent Plaintiff a detailed letter informing him that (1) EverQuote does not solicit any consumers via text messages and (2) EverQuote strictly prohibits its vendors from sending any advertisements or materials to any individual or entity via text messages. (Lopez Decl., ¶ 2, Ex. 1.)  Specifically, EverQuote explained that it did not send Plaintiff any text messages and that based on its review of the allegations in the Complaint, CMM is likely the party responsible for the alleged text message he received.  *Id*.  EverQuote also explained that although it engaged CMM to provide e-mail marketing services, the Services Agreement strictly prohibited the use of text messages or in the marketing campaign, and thus EverQuote could not be held vicariously liable.  *Id*.

On March 18, 2016, and on March 28, 2016, EverQuote's counsel called Plaintiff's counsel to discuss the substance of the letter and to request that Plaintiff dismiss the Complaint.  (Lopez Decl., ¶¶ 3-4.)  On both occasions, Plaintiff's counsel indicated that he would not dismiss the lawsuit because he disagreed with the law in the letter.  *Id*.  When pressed, however, Plaintiff's counsel did not provide any case law supporting the claims against EverQuote.  *Id*.  On March 29, 2016, Plaintiff's counsel sent written correspondence stating (for the first time) that he needed the exhibits cited in EverQuote's letter to evaluate whether vicarious liability exists.  *Id*. ¶ 5.  EverQuote's counsel provided Plaintiff's counsel the underlying contracts with CMM on April 4, 2016.  *Id*. ¶ 6.  Upon being provided with that evidence, Plaintiff's counsel refused to dismiss the Complaint and instead indicated that he would file an amended complaint.  *Id*. ¶ 7.

On April 7, 2016, EverQuote served this motion pursuant to the safe harbor provision of Rule 11.  Fed. R. Civ. P. 11(c)(1)(A); (Lopez Decl. ¶ 8.)  Nevertheless, Plaintiff and his counsel refused to dismiss the Complaint and instead filed a FAC.

(Doc. 13). Plaintiff's counsel's violations of Rule 11 have forced EverQuote to needlessly incur attorneys' fees and costs associated with the Rule 11 motion it has served.

## III. ARGUMENT

### A. The Standard Under Federal Rule of Civil Procedure 11

When an attorney presents a pleading to the court, the attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, . . . the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(3). "[T]he central purpose of Rule 11 is to deter baseless filings in District Court and thus . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). If, "after notice and a reasonable opportunity to respond," the court determines that a Rule 11 violation has occurred, the court may "impose an appropriate sanction[.]" Fed. R. Civ. P. 11(c)(1). Those sanctions may include payment of reasonable attorney's fees. Fed. R. Civ. P. 11(c)(2).

Courts reviewing a motion for sanctions under Rule 11 apply a reasonable inquiry test, which "is meant to assist courts in discovering whether an attorney, after conducting an objectively reasonable inquiry into the facts and law, would have found the complaint to be well-founded." *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005). When a complaint is the focus of Rule 11 proceedings, the "district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Id.* at 676 (quoting *Christian v. Mattel, Inc.*, 286 F.3d 1118 (9th Cir. 2002) (internal quotation marks omitted)). A complaint is frivolous, and therefore subject to Rule 11 sanctions, when it both lacks legal *or* factual foundation and was made without a reasonable and competent inquiry. *See id.* (emphasis added) (affirming award of attorney's fees

under Rule 11 for filing baseless complaint without reasonable and competent inquiry).   The reasonableness standard governing a Rule 11 inquiry is objective. *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1991) (citing *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 832 (9th Cir. 1986)).

The Ninth Circuit has held that sanctions may be imposed on the signer of a paper if either a) the paper is filed for an improper purpose, *or* b) the paper is "frivolous."   *See Townsend*, 929 F.2d at 1362.   The term "frivolous" is a shorthand that the Ninth Circuit has used to denote a filing that is both baseless and made without a reasonable and competent inquiry. *See id.*   The frivolousness and improper purpose inquiries overlap.   *Id.* at 1362-65.   A district court confronted with evidence of a pleading's frivolousness may, in circumstances that warrant it, infer that it was filed for an improper purpose.   *Id.*   However, either the improper purpose or frivolousness ground alone is sufficient to sustain an award of sanctions.   *Id.*

As discussed below, Plaintiff's FAC violates Rule 11.   Appropriate sanctions should be imposed on Plaintiff and his counsel as a result of the filing of the baseless claims.

### B.   Plaintiff Has No Evidence to Support His Factual Allegations

Plaintiff has no facts to support the allegations contained in the FAC.   As discussed above, EverQuote's counsel advised Plaintiff and his counsel on multiple occasions that his facts are incorrect.   EverQuote did not send Plaintiff the text message alleged in the Complaint and did not direct CCM (or any other vendor) to solicit Plaintiff, or any other consumer, via text messages.   (Revesz Decl., ¶¶ 2, 5.) Indeed, the Services Agreement between EverQuote and CCM specifically provides that "[n]o advertisements, materials or messages of any kind may be distributed via . . . SMS or text messages or calls."   (*Id.*, ¶ 3, Ex. A.)   The Order EverQuote placed with CCM similarly prohibits the use of SMS or text messages.   (*Id.* at ¶ 4, Ex. B.)

Plaintiff knows his allegations are unsupported. He has a letter from EverQuote's counsel explaining the underlying facts, as well as a copies of the Services Agreement and the February 4, 2016 Order. (Lopez Decl. at ¶ 2-6.) Yet, even when confronted with the evidence contradicting Plaintiff's allegations and making it impossible to make any legitimate claims against EverQuote, Plaintiff and his counsel filed a FAC.

Because Plaintiff and his counsel have ignored the evidence that EverQuote provided and filed a FAC that is factually and legally baseless, this Court should find that Plaintiff and his counsel violated Rule 11.

### C.   Plaintiff's Legal Contentions are not Warranted by Existing Law

The plain language of the TCPA assigns civil liability to the party who "makes" a call and is silent as to the issue of vicarious liability. *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012), *aff'd*, (9th Cir. 2014) 582 Fed.Appx. 678. Courts presume that Congress intended to apply the traditional standards of vicarious liability to TCPA claims. *Id*. To succeed on a vicarious liability theory, plaintiff must demonstrate that the third party who sent the message acted as an agent of defendant; specifically, that defendant controlled or had the right to control them and, more specifically, the manner and means of the text message campaign they conducted. *Id*. at 1084-85 (citing *United States v. Bonds*, 608 F.3d 495, 506 (9th Cir. 2010).

EverQuote is not directly liable for the text message Plaintiff alleges he received on February 9, 2016 because EverQuote did not send him any text messages. *See e.g.*, *Thomas v. Taco Bell Corp.*, 582 Fed.Appx. 678, 679 (9th Cir. 2014) (affirming that direct liability is inapplicable where actual sender of the text was a separate provider of text-message based services).

Moreover, EverQuote is not vicariously liable for any text message that CMM may have sent Plaintiff. CMM is not EverQuote's agent. Indeed, the Services Agreement states:

> The Parties are each independent contractors and no agency, partnership, franchise, joint venture or employee/employer relationship is intended or created by the Agreement. Neither Party shall have the right, power, or authority to . . . create any obligation or responsibility, express or implied, on behalf of the other Party.

(Revesz Decl. ¶ 3, Ex. A.) "Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *Restatement (Third) of Agency* § 1.01 (2006). Because CMM was never authorized to act on EverQuote's behalf, but rather only pursuant to contractual obligations, no principal-agent relationship was established.

Moreover, even if CMM were considered to be EverQuote's agent (which it is not), Plaintiff cannot succeed on a theory of actual authority. The *Restatement (Third) of Agency* explains that "[a]n agent acts with actual authority when, at the time of taking action that has legal consequences for the principal, the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act." *Id.* at § 2.01. Here, CCM had clear and actual notice that sending text messages and making phone calls on behalf of EverQuote is prohibited by the Services Agreement and the Order. CCM acted contrary to EverQuote's wishes. Therefore, there is no evidence that would support a conclusion that EverQuote conferred *actual* authority upon CMM to use text messages during the marketing campaign.

Nor can Plaintiff succeed on a theory of apparent authority. There is no evidence that Plaintiff could have reasonably believed that CMM possessed apparent

authority from EverQuote to send unauthorized text messages as part of the marketing campaign. The *Restatement (Third) of Agency*, section 2.03, defines "apparent authority" as "the power held by an agent or other actor to affect a principal's legal relations with third parties when a third party reasonably believes the actor has authority to act on behalf of the principal and that belief is traceable to the principal's manifestations." Apparent authority can only "be established by proof of something said or done by the [alleged principal], on which [the plaintiff] reasonably relied." *Taco Bell Corp.*, 582 Fed.Appx. at 679 (citing *NLRB v. Dist. Council of Iron Workers of Cal. & Vicinity*, 124 F.3d 1094, 1099 (9th Cir. 1997). Here, there is no evidence that EverQuote held out to third parties, or to anyone else, that CMM was authorized to send text messages to individuals who had not agreed to receive them. To the contrary, EverQuote strictly prohibited CMM from sending out text messages to consumers. Therefore, CMM did not have apparent authority to send out text messages, and EverQuote is not vicariously liable for any violations that resulted from those actions. *See, e.g., Keating v. Peterson's Nelnet, LLC*, 615 Fed.Appx. 365, 374-75 (6th Cir. 2015) (holding that defendant was not vicariously liable under either an apparent or actual authority theory for the text messages sent by a third party marketing contractor where the contract expressly banned the use of text messages).

### D.   Plaintiff and his Counsel's Rule 11 Violations Justify Both Monetary and Non-Monetary Sanctions

The Court may impose both monetary and non-monetary sanctions for Plaintiff and his counsel's violations of Rule 11. *See* Fed R. Civ. P. 11(c)(2); *Truesdell v. S. Cal. Permanente Med. Grp.*, 209 F.R.D. 169, 175 (C.D. Cal. 2002); *Integrated Circuit Sys., Inc. v. Realtek Semiconductor Co.*, No. C00-4035, 2002 U.S. Dist. LEXIS 6052, at *12 (N.D. Cal. Apr. 5, 2002). The Court should impose sanctions sufficient "to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

Plaintiff and his counsel have ignored the facts undermining the serious allegations made against EverQuote. Rule 11 requires that counsel have in hand sufficient credible information (as opposed to speculation) to enable an objectively reasonable attorney to form the belief that the allegations to which he put his name are supported by evidence. *See Christian*, 286 F.3d at 1127. Here, Plaintiff and his counsel continue to pursue this litigation in the face of information from EverQuote's counsel explaining that the company does not solicit consumers via text messages and that EverQuote strictly prohibits its vendors from sending any advertisements or materials to any individual or entity via text messages. Because Plaintiff and his counsel filed a FAC with claims for which there is no evidentiary support, and ignored the evidence that was provided to them, the Court should sanction them. *See Fed. R Civ. P. 11(c)(1)* (providing court may impose sanctions "on any attorney, law firm, or party that violated the rule or is responsible for the violation" and that "[a]bsent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee"); *see, e.g., Greenfield v. U.S. Healthcare, Inc.*, 146 F.R.D. 118, 129 (E.D. Pa. 1993) (dismissing complaint and awarding attorneys' fees and reasonable costs), *aff'd sub. nom. Garr*, 22 F.3d at 1281.

Specifically, EverQuote respectfully requests that the Court:

1.     Dismiss the FAC with prejudice given that it cannot stand on baseless allegations; and

2.     Enter an Order directing Plaintiff's counsel to reimburse EverQuote for its reasonable costs and attorneys' fees incurred since the outset of this litigation and in connection with this motion, which were necessitated by Plaintiff's filing a factually unsupported and legally baseless complaint.

/ / /

/ / /

/ / /

## IV.   CONCLUSION

For the foregoing reasons, defendant EverQuote respectfully requests that the Court impose appropriate Rule 11 sanctions against Plaintiff, jointly with his counsel, for filing a complaint and a FAC that contains claims lacking evidentiary support and not supported by law.

DATED: April 29, 2016                 BLANK ROME LLP


                                      By:  _/s/ E. Crystal Lopez_____
                                         Joshua Briones
                                         E. Crystal Lopez
                                      Attorneys for Defendant
                                      EVERQUOTE, INC.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EVERQUOTE'S MOTION FOR SANCTIONS UNDER RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE**