Joseph Miskabi (SBN 279735)
LAW OFFICES OF JOSEPH MISKABI, APC
8730 Wilshire Blvd, Suite 310
Beverly Hills, CA 90211
Phone: 424-245-5740
Fax: 866-202-9176
joseph@miskabilaw.com
*Attorney for Plaintiff*



FILED
CLERK, U.S. DISTRICT COURT

May 3, 2016

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CR___ DEPUTY

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TODD FRIEDMAN,** | Case No. 2:16-cv-01269-SVW-FFM |
| Plaintiff, | **CLASS ACTION** |
| vs. | **FIRST AMENDED COMPLAINT FOR VIOLATIONS OF:** |
| | 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] |
| **EVERQUOTE, INC., D/B/A CHEAPERAUTOCOVERAGE.COM; CLICK CASH MANAGEMENT, INC. and DOES 1-10, inclusive, and each of them,** | 2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] |
| Defendants. | **DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.     TODD FRIEDMAN ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of EVERQUOTE, INC., D/B/A CHEAPERAUTOCOVERAGE.COM; CLICK CASH MANAGEMENT,

INC. and DOES 1-10, inclusive, and each of them, ("Defendants"), in negligently and knowingly contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

2.  Jurisdiction is proper under 28 U.S.C. § 1332 because Plaintiff seeks up to $1,500 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Further, Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendants, providing jurisdiction under 28 U.S.C. Section 1332. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.  Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant is subject to personal jurisdiction in the County of San Francisco, State of California.

## PARTIES

4.  Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

5.  Plaintiff is informed and believes, and thereon alleges, that Defendant Everquote, Inc., d/b/a CheaperAutoCoverage.com ("Defendant Everquote")

is, and at all times mentioned herein was, a corporation whose primary corporate address is in Massachusetts, and is incorporated in the state of Delaware.  Defendant Everquote, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39). Defendant Everquote provides auto insurance quotes to tens of thousands of consumer nationwide. Plaintiff alleges that at all times relevant herein Defendant Everquote conducted business in the State of California and in the County of Los Angeles, and within this judicial district.

6.  Plaintiff is informed and believes, and thereon alleges, that Defendant Click Cash Management, Inc. (Defendant "Click Cash") is, and at all times mentioned herein was, a corporation that conducted business in the State of California and in the County of Los Angeles, and within this judicial district, and is incorporated in Deleware.  Defendant Click Cash, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39).  Defendant Click Cash provides solicitation services for third parties, such as Defendant Everquote.

7.  The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

8.  Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other

Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.  Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

9.   In or about February 2016, Defendants began contacting Plaintiff's cellular telephone for the purpose of sending Plaintiff spam advertisements and/or promotional offers, via text message, including a text message sent to and received by Plaintiff on or about February 9, 2016.

10.   Plaintiff is informed, believes and based thereupon alleges that prior to February 9, 2016 Defendant Everquote contracted Defendant Click Cash for the purposes of generating leads for Everquote.

11.   Plaintiff is informed, believes and based thereupon alleges that Defendant Click Cash sent solicitation text messages on behalf of Defendant Everquote in order to generate leads for Defendant Everquote.

12.   On or about February 9, 2016, Plaintiff received a text message from Defendants that read:

> Tim
> REMINDER: You still qualify for 19.00/Month Auto Insurance. Click Below.
> http://po.st/WTFIga
> Reply STOP to stop or HELP for help

13.   Plaintiff, on or about February 9, 2016, responded to Defendants' text message notification by replying "Stop".

14.   Plaintiff is informed, believes and based thereupon alleges that Defendant Click Cash sent the February 9, 2016 message on behalf of Defendant Everquote in order to solicit Defendant Everquote's services to Plaintiff.

15.   Plaintiff is informed, believes and based thereupon alleges that Defendant Click Cash was acting in its capacity of an agent of Defendant Everquote when it sent the February 9, 2016 text message to Plaintiff's telephone number.

16.   Plaintiff is informed, believes and based thereupon alleges that Defendant Everquote contracted with Defendant Click Cash, whereby Click Cash would supply Everquote with marketing services, for the purpose of lead generation.  Pursuant to this contractual arrangement, Everquote licenses use of its intellectual property, including use of its trademarks, trade name, logos, and service marks.  Everquote also provides, in the course of its contract with Click Cash, confidential information relating to processes, pricing and other information which may be characterized as a trade secret, normally within the exclusive control of Everquote.

17.   Plaintiff is informed, believes and based thereupon alleges that Defendant Everquote maintains the ability to control numerous aspects of Click Cash's contractual relationship with Everquote, and knew, or should have known that Click Cash was using technology of this nature for the purpose of marketing Everquote's services.16.    Prior to February 9, 2016, Plaintiff had never contacted nor conducted any business with Defendants in any fashion, including having never visited any of Defendants' online websites.

18.   The text message placed to Plaintiff's cellular telephone was placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

19.    The telephone number that Defendants, or its agent called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

FIRST AMENDED CLASS ACTION COMPLAINT - 5

20. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

21. As of February 9, 2016, Plaintiff did not provide Defendants or its agents with prior express consent to receive unsolicited text messages, pursuant to 47 U.S.C. § 227 (b)(1)(A).

22. These telephone calls by Defendants, or its agents, violated 47 U.S.C. § 227(b)(1).

23. Plaintiff, as a reasonable consumer, reasonably believed that the text messages were generated by Everquote or its authorized agent,

### CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action on behalf of himself and on behalf of and all others similarly situated ("the Class").

25. Plaintiff represents, and is a member of the Class, consisting of all persons within the United States who received any unsolicited text messages and/or any other unsolicited text messages from Defendants without prior express consent.

26. Defendants and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the tens of thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

27. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendants, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an unsolicited text message, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduced cellular telephone time for which Plaintiff and the Class members

previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

28.  This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

29.  The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendants' records or Defendants' agents' records.

30.  There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a)  Whether, within the four years prior to the filing of this Complaint, Defendant placed any unsolicited text messages (other than a text message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing and/or texting system to any telephone number assigned to a cellular telephone service;

   b)  Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

   c)  Whether Defendants should be enjoined from engaging in such conduct in the future.

31.  As a person that received at least one unsolicited text message without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class.  Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

32.  Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

33.  Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

34.  A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendants to comply with federal law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendants are small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

35.  Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

///
///

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER**
**PROTECTION ACT**
**47 U.S.C. § 227 ET SEQ.**

36.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.   The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

38.   As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

39.   Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 ET SEQ.**

40.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41.   The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

42.   As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

43.   Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendants:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

### SECONDCAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

///
///
///
///

**TRIAL BY JURY**

44.     Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Respectfully submitted this 26th day of April, 2016.

LAW OFFICES OF JOSEPH MISKABI, APC

By:     /s/Joseph Miskabi
        Joseph Miskabi, Esq.
        Law Offices of Joseph Miskabi, APC
        Attorney for Plaintiff

1

## <u>CERTIFICATE OF SERVICE</u>

2

3
Filed electronically on this 26th day of April, 2016, with:

4
United States District Court CM/ECF system

5

6
Notification sent electronically on this 26th day of April, 2016, to:

7
Honorable Judge Stephen V. Wilson
United States District Court

8
Central District of California

9
Joshua Briones

10
BLANK ROME LLP

11

12
<u>/s/Joseph Miskabi</u>
Joseph Miskabi, Esq.

13
Law Offices of Joseph Miskabi, APC
Attorney for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28