MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
Joshua Briones, Esq. (SBN: 205293)
2029 Century Park East, Suite 1370
Los Angeles, Ca 90067
Telephone: (310) 586-3200
Fax: (310) 586-3202
Email:  Jbriones@Mintz.com

Attorneys for Defendant
EVERQUOTE, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD FRIEDMAN, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>EVERQUOTE, INC., D/B/A CHEAPERAUTOCOVERAGE.COM,<br><br>Defendant. | Case No. 2:16-cv-01269-SVW-FFM<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SANCTIONS**<br><br>Judge:   Stephen V. Wilson<br><br>Hearing Date: June 6, 2016<br><br>Place:   312 N Spring Street<br>   Los Angeles, CA 90012<br>   Courtroom No. 6 |

# MEMORANDUM OF POINTS AND AUTHORITIES

EverQuote, Inc. ("EverQuote") hereby submits the following Reply in support of its Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Motion").

## I. INTRODUCTION

In opposition to EverQuote's Rule 11 Motion, Mr. Friedman summarily argues that this action is meritorious because the allegations in the First Amended Complaint ("FAC") support the theory that EverQuote is vicariously liable for violations of the Telephone Consumer Protection Act. Mr. Friedman's argument misses the point. Regardless of whether his allegations are sufficient to survive a Rule 12(b)(6) motion, they are baseless. EverQuote provided Mr. Friedman and his counsel documents demonstrating that it cannot be held directly or vicariously liable for transmission of the text message at issue. It appears that Mr. Friedman and his attorney either ignored the evidence EverQuote provided, or at best failed to conduct a reasonable inquiry as to the merits of the claims against EverQuote before filing the FAC. Accordingly, EverQuote respectfully submits that this Honorable Court must grant the Rule 11 Motion to deter Mr. Friedman and his counsel from making unsubstantiated allegations in court documents.

## II. PLAINTIFF DID NOT CONDUCT A REASONABLE FACTUAL INQUIRY BEFORE FILING THE FIRST AMENDED COMPLAINT

The Opposition describes at length the inquiry Mr. Friedman and his counsel undertook before filing the original complaint. *See* Opp. at 7-9. By contrast, however, Mr. Friedman and his counsel do not describe (and did not engage in) a similar inquiry before filing the FAC. While it may have been reasonable for Mr. Friedman to believe that EverQuote was liable in some way at the time he filed the original complaint, it was not reasonable to maintain that belief after he received the Click Cash Management ("CCM") Services Agreement and Service Order, which demonstrate that EverQuote did not send the text message at issue and in fact strictly

1

**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SANCTIONS**

prohibit the distribution of any advertisements or materials via text messages. *See* Motion for Sanctions at 6-9. After receiving such evidence, it was incumbent upon Mr. Friedman and his counsel to conduct a reasonable inquiry into whether any facts exist to support their supposition that EverQuote is vicariously liable for the transmission of the text message at issue. Indeed, Mr. Friedman concedes that "Rule 11 is intended to deter baseless filings in district court and imposes a duty of 'reasonable inquiry' so that anything filed with the court is 'well grounded in fact, legally tenable, and not interposed for any improper purpose.'" *See* Opp. at 11 (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)).

### a. Mr. Friedman's Allegations Are Not Well Grounded In Fact.

The presentation of a pleading, such as the FAC, to the court certifies that the factual contentions in such pleading have "evidentiary support" to the best of the person's knowledge and belief "formed after an inquiry reasonable under the circumstances." Fed. R. Civ. P. 11(b)(3). A reasonable inquiry requires a party to seek credible information, consisting either of direct evidence or reasonable inferences from other evidence, rather than proceed on mere suspicions or supposition. *See California Architectural Bldg. Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1472 (9th Cir. 1987). Here, the allegations in Mr. Friedman's FAC regarding vicarious liability are not the product of the requisite reasonable inquiry and instead are factually unsupported.

Mr. Friedman asserts that "[his] claims have merit, were filed in good faith, upon the belief that Everquote either sent the messages itself, hired someone to do it, knew about the fact that an unauthorized agent was doing it, and/or that a reasonable consumer in receiving these messages, would reasonably believe that the message was transmitted by an authorized agent of Everquote." Opp. at 20. Specifically, in the FAC Mr. Friedman alleges:

2

**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SANCTIONS**

- Defendant Click Cash sent solicitation text messages on behalf of Defendant EverQuote in order to generate leads for Defendant EverQuote. FAC ¶¶ 11, 14.
- Defendant Click Cash was acting in its capacity of an agent of Defendant EverQuote when it sent the February 9, 2016 text message to Plaintiff's telephone number. FAC ¶ 15.
- EverQuote maintains the ability to control numerous aspects of CCM's contractual relationship, and knew, or should have known that CCM was using ATDS technology for the purpose of marketing EverQuote's services. FAC at ¶ 17.

The documents EverQuote provided Mr. Friedman explicitly contradict these allegations. First, the Services Agreement and Service Order between EverQuote and CCM explicitly state that CCM is never authorized to send any text messages on EverQuote's behalf. *See* Motion at 2-3; Revesz Decl., Ex. A. ¶ 3.5 & Ex. B.[1] Second, the Services Agreement also explicitly negates that CCM is EverQuote's agent. *See* Motion at 8; Revesz Decl., Ex. A. ¶ 13.2. Third, because the Services Agreement and Service Order limited the services CCM was contracted to provide to email marketing and prohibit text messages and calls, EverQuote did not know, nor should it have known, and still does not know whether CCM was using ATDS technology for the purpose of marketing EverQuote's services.

---

[1] Mr. Friedman relies on *Mey v. Monitronics Int'l, Inc.*, 959 F. Supp. 2d 927 (N.D. W. V.A 2013) and *Siding and Insulation Co. v. Alco Vending, Inc.*, Case No. 15-3551 (6th Cir. May 9, 2016) to suggest that the use of a defendant's trademark in the message at issue is sufficient to show that the message was sent on defendant's behalf. However, both cases are inapposite for several reasons. First, in *Mey*, unlike in this case, defendant's agreement with the third party vendor enabled the vendor to hold itself out as an "authorized dealer." 959 F. Supp. 2d at 932. By contrast, the Services Agreement with CCM only authorizes CCM to *market* services via email (i.e. consumers cannot purchase the services directly from CCM). In *Siding*, unlike in this case, the defendant contracted a third party to send facsimiles to consenting businesses. Case No. 15-3551 at 2. Here, EverQuote's contract with CCM explicitly prohibits transmission of text messages. Moreover, the Sixth Circuit distinguished *Siding* from cases involving telemarketing calls and specifically stated, "vicarious liability and the federal common law of agency do not control the outcome of this case." *Id*. at 13-14. Accordingly, *Siding* is not applicable here.

**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SANCTIONS**

In light of evidence that Mr. Friedman's contentions are not warranted and without credible evidence of his own,[2] Mr. Friedman was obliged to cease his pursuit of his claims against EverQuote. *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997) ("if evidentiary support is not obtained after a reasonable opportunity for further investigation or discovery, the party has a duty under the rule not to persist with that contention") (citing Fed. R. Civ. P. 11 Advisory Committee Notes, 146 F.R.D. 585-86). Instead, Plaintiff and his counsel ignored EverQuote's efforts to correct his false allegations and filed a FAC. Mr. Friedman and his counsel's failure to undertake a factual inquiry into whether EverQuote ratified CCM's behavior or cloaked it with apparent authority runs afoul of their duty under Rule 11.

### III. PLAINTIFF FILED THE FIRST AMENDED COMPLAINT FOR AN IMPROPER PURPOSE

Based on Mr. Friedman's and his counsel's actions, EverQuote is entitled to an inference that they brought this lawsuit for an improper purpose. Mr. Friedman is not a simple consumer. Rather, he is an attorney who graduated from Loyola Law School, and has filed numerous TCPA class action law suits in California. Where an experienced lawyer asserts meritless claims, "a strong inference arises that [his] bringing of an action . . . was for an improper purpose." *Huettig & Schromm, Inc. v. Landscape Contractors Council of N. Calif.*, 790 F.2d 1421, 1427 (9th Cir. 1986). Accordingly, Rule 11 sanctions are warranted in this case.

---

[2] Mr. Friedman and his counsel had the opportunity to request additional information from EverQuote's counsel and conduct the requisite reasonable inquiry into the factual basis for their allegations. Instead of engaging in a meaningful dialogue and exchange of information, Mr. Friedman's counsel sent a letter to EverQuote's counsel quoting lengthy passages from the FCC's Declaratory Order: *In the Matter of The Joint Petition Filed by Dish Network, LLC, et al.*, CG Docket No. 11-50 (FCC 13-54), 28 FCC Rcd 6574, 6582 (2013) and black letter law on vicarious liability. However, the letter did not identify (or seek) any facts to support the allegation that EverQuote could be held vicariously liable for transmission of the text message at issue. By contrast, plaintiff's counsel in *Yvonne Lester v. Everquote, Inc.*, Case No. 1:16-cv-10651-MLW, is conducting a reasonable inquiry into the underlying facts of the case before pursuing protracted litigation and will likely voluntarily dismiss the action filed in Massachusetts District Court.

4
**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SANCTIONS**

## IV. CONCLUSION

For the foregoing reasons, EverQuote respectfully requests that this court grant its Rule 11 Motion, dismiss the FAC with prejudice, and award the costs and fees incurred by EverQuote in preparing and filing this motion.

Dated: May 23, 2016          Respectfully submitted,

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

*/s/ Joshua Briones*
Joshua Briones
Attorneys for Defendant
EVERQUOTE, INC.
D/B/A CHEAPERAUTOCOVERAGE.COM

5
**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SANCTIONS**