UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-01269-SVW-FFM | Date | October 31, 2016 |
| Title | Todd Friedman v. Everquote, Inc.; Click Cash Management, Inc.; Does 1-10 | | |

**JS-6**

Present: The Honorable    STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**    IN CHAMBERS ORDER **GRANTING** MOTION FOR DEFAULT JUDGMENT [46].

On February 24, 2016, Plaintiff Todd Friedman ("Plaintiff") filed this action against Defendant Everquote, Inc., doing business as "cheaperautocoverage.com" ("Everquote") for negligent and willful violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). Dkt. 1. Plaintiff initially alleged that Everquote contacted him on his cellular telephone on February 9, 2016, in violation of the TCPA. *Id.* On May 3, 2016, the Plaintiff amended his complaint to include Defendant Click Cash Management, Inc ("Click Cash"). First Amended Complaint ("FAC"), Dkt. 23. The amended complaint alleged that Click Cash sent the offending message to the Plaintiff on behalf of Everquote. FAC, ¶ 11. Eventually, the Plaintiff settled his claim against Everquote and dismissed all claims against that defendant. Dkt. 39. However, Click Cash never answered the FAC filed against it. On August 23, 2016, the clerk entered default against Click Cash. Dkt. 44. Presently before this Court is Plaintiff's motion for default judgment against Click Cash. Dkt. 46. For the foregoing reasons, this Court **GRANTS** Plaintiff's motion against Defendant Click Cash.

**I.    Background**

The factual allegations in this case are straightforward. Plaintiff Todd Friedman is an individual and resident of California. FAC, ¶ 4. Beginning in February 2016, he alleges that the Defendants began contacting his cellular phone for the purpose of sending spam advertisements and promotional offers. FAC, ¶ 9. The Plaintiff alleges that Defendant Everquote contracted with Defendant Click Cash to generate leads for Everquote. As part of that contract, Click Cash sent the Plaintiff a text message

:
_____
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-01269-SVW-FFM | Date | October 31, 2016 |
|---|---|---|---|
| Title | *Todd Friedman v. Everquote, Inc.; Click Cash Management, Inc.; Does 1-10* | | |

regarding a promotion for auto insurance. FAC, ¶ 12. After receiving the text message, the Plaintiff replied "Stop," and he does not allege that he was contacted again.

The Plaintiff alleges that the message was placed via an "automatic telephone dialing system" ("ATDS"), which is prohibited by the TCPA. 47 U.S.C. § 227(b)(1). He initially brought suit against both Everquote and Click Cash, alleging that Click Cash was acting as an agent of Everquote, and therefore both companies were responsible for violating the TCPA. FAC, ¶ 17. However, the Plaintiff settled his claim with Everquote and dismissed the company from the suit, leaving only Click Cash. Dkt. 39.

The correct FAC was filed on May 3, 2016, which included Click Cash in the action for the first time. Dkt. 23. An authorized agent of Click Cash was served with the summons and complaint on May 10, 2016. Dkt. 46, Exh. A. To date, Click Cash has not appeared in this action. The clerk entered default against Click Cash on August 23, 2016. Dkt. 44. As such, Plaintiff now requests this Court to enter default judgment against Defendant in the amount of $11,580.00. Dkt. 46, 1. This amount includes $1,500.00 in statutory damages under 47 U.S.C. § 227(b)(3)(B), $595.00 in recoverable costs, and $9,485.00 in attorneys' fees as allowed by Local Rule 55-3. *Id.*

**II.    Legal Standard**

Before a Court may rule on a motion for default judgment, it first must determine whether the motion complies with Rule 55 of the Federal Rules of Civil Procedure and Local Rule 55-1. *See Pepsico, Inc. v. California Security Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). The motion must set forth: (1) when and against which party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is adequately represented; (4) that the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply; and (5) that notice of the application has been served on the defaulting party, if required. *Id.*; *see also Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 919 n.19 (C.D. Cal. 2010) (holding that service on defaulting party is required only if the party has appeared in the action). Further, Rule 55(a) of the Federal Rules of Civil Procedure states, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-01269-SVW-FFM | Date | October 31, 2016 |
|---|---|---|---|
| Title | *Todd Friedman v. Everquote, Inc.; Click Cash Management, Inc.; Does 1-10* | | |

Once these procedural conditions are met, "[g]ranting or denying a motion for default judgment is a matter within the court's discretion." *Landstar*, 725 F. Supp. 2d at 919. In deciding whether to grant a default judgment, a court considers: "(1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Upon entry of default, the well-pleaded allegations of the complaint, except those concerning damages, are deemed true. Fed. R. Civ. P. 8(b)(6). The court, however, must assure itself that "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Landstar*, 725 F. Supp. 2d at 920.

Plaintiffs are required to prove all damages sought in the complaint, and such damages "shall not be different in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). "Plaintiff's burden in 'proving up' damages is relatively lenient." *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (internal citations omitted). But sufficient facts, necessary to determine damages, must be provided to the court. *See id.*

### III. Discussion

#### A. Procedural Prerequisites

The Plaintiff has met the procedural requirements set out in *PepsiCo*. The Plaintiff's motion for default judgment, along with consideration of the pleadings and filings in the case, set forth: (1) that Default was entered against Defendant on August 23, 2016, Dkt. 44; (2) that Default was entered as to the complaint; (3) that Defendant is not an infant or an incompetent; (4) that the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply; and (5) that Defendant has been served with the present application. Affidavit of Joseph Miskabi, Dkt. 46, Attachment 2, 2-3. Upon reviewing Plaintiff's motion, the Court finds that Plaintiff has satisfied the applicable procedural prerequisites for entry of default judgment. *See* Fed. R. Civ. P. 54, 55; L.R. 55-1; Dkt. 46.

|  | : |
|---|---|
| Initials of Preparer | PMC |

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-01269-SVW-FFM | Date | October 31, 2016 |
|---|---|---|---|
| Title | *Todd Friedman v. Everquote, Inc.; Click Cash Management, Inc.; Does 1-10* | | |

### B. Substantive Factors

#### 1. Merits of Plaintiff's Claims

As stated above, the well-pleaded allegations of the complaint, except those concerning damages, are deemed true. Fed. R. Civ. P. 8(b)(6). Therefore, the Court considers the merits of Plaintiff's substantive claim and the sufficiency of the complaint.

##### a. Violation of the TCPA

To prevail on its TCPA claim under 47 U.S.C. § 227(b)(1), a plaintiff must prove six elements: (1) a call was made; (2) from within the United States or to a recipient within the United States; (3) without the consent of the recipient; (4) not for emergency purposes; (5) using an "automatic telephone dialing system ("ATDS"); (6) to a cellular telephone service. 47 U.S.C. § 227(b)(1)(A)(iii).

The Plaintiff's First Amended Complaint properly alleges these six elements. First, it alleges that the Plaintiff received a text message from Click Cash on February 9, 2016. FAC, ¶9. A text message is considered to be a "call" for the purposes of the TCPA. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009) ("[W]e hold that a text message is a 'call' within the meaning of the TCPA."). Second, the FAC sets forth that Click Cash is a Delaware company that does business within California and is a "person" for the purposes of this action. FAC, ¶ 6; 47 U.S.C. § 153(39). Third, the Plaintiff alleges that he did not provide any Defendant consent to receive unsolicited text messages. FAC, ¶ 21. Fourth, the Plaintiff alleges the text was sent for the purpose of advertising a promotional offer and therefore not for emergency purposes. FAC, ¶¶ 9, 20. Fifth, the Plaintiff alleges that the text was sent using an ATDS. FAC, ¶ 18. Finally, the Plaintiff alleges that the telephone number that Click Cash contacted was assigned to a cellular telephone service for which the Plaintiff was charged for the message. FAC, ¶ 19. These allegations are adequate to establish a claim for violation of the TCPA against Click Cash.

##### b. Willfulness

Under the TCPA, private plaintiffs can bring "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each violation, whichever is greater...." 47 U.S.C. § 227(b)(3)(B). However, "[i]f the court finds that the defendant willfully or knowingly violated this

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-01269-SVW-FFM | Date | October 31, 2016 |
|---|---|---|---|
| Title | *Todd Friedman v. Everquote, Inc.; Click Cash Management, Inc.; Does 1-10* | | |

subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3)(C). Therefore, if the Defendant acted willfully, the Plaintiff may be awarded $1500 in statutory damages at the discretion of the Court.

The Plaintiff's second cause of action alleges that Defendant acted willfully and/or knowingly in violating the TCPA. The sufficiency of this allegation will be discussed further in the damages analysis, as a showing of willfulness is relevant to the amount of damages awarded to the Plaintiff.

### 2. Remaining *Eitel* Factors

The *Eitel* factors weigh in favor of granting the Plaintiff's motion for default judgment. Factor one is the possibility of prejudice to the plaintiff. *Eitel*, 782 F.2d at 1471. If the Court does not grant the Plaintiff's motion for default judgment, the Plaintiff might not have any other recourse against Click Cash. Click Cash is responsible for sending the offending text message in question. It is unclear how much the Plaintiff recovered from Everquote, if any, but there is no question that Click Cash was responsible for the actual message. Therefore, this action is likely the best recourse the Plaintiff may have against any Defendant, and likely the only recourse he has against Click Cash.

Factors two and three are the merits of the plaintiff's substantive claim and the sufficiency of the complaint. *Eitel*, 782 F.2d at 1471. As discussed above, the Court has concluded that the Plaintiff has sufficiently pled meritorious claims for a violation of the TCPA. Therefore, these factors weigh in favor of the Plaintiff.

Factor four is the sum of money at stake in the action. *Eitel*, 782 F.2d at 1471. Plaintiff seeks $1,500.00 in statutory damages, $595.00 in recoverable costs, and $9,485.00 in attorney's fees, for a total of $11,580. Dkt. 46, 2-3. Ordinarily, when a large sum of money is at stake in a default judgment, this factor weighs in favor of the defendant. *See Eitel*, 782 F.2d at 1472. However, the amount requested here is relatively small, even considering the Defendant allegedly sent only one offending text message. The analysis of damages is further discussed below. Overall, this factor does weigh strongly in the favor of either the Defendant or the Plaintiff.

Factor five is whether the possibility of a dispute concerning material facts is likely. *Eitel*, 782 F.2d at 1471-72. First, Plaintiff has sufficiently pled allegations that support its claim for a violation of the

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-01269-SVW-FFM | Date | October 31, 2016 |
|---|---|---|---|
| Title | *Todd Friedman v. Everquote, Inc.; Click Cash Management, Inc.; Does 1-10* | | |

TCPA. Additionally, the Plaintiff supports his allegations with specific details regarding the time and content of the text message he received from the Defendant. Everquote, in defending this action, did not dispute that a text message was sent or that it hired Click Cash to provide marketing leads, but rather claimed that Click Cash was not authorized to send text messages or make phone calls. Thus, it seems clear that Click Cash sent the text message in question. Therefore, a dispute concerning material facts is not likely. This fifth factor also weighs in favor of the Plaintiff.

Factor six is whether the default was due to excusable neglect. *Eitel,* 782 F.2d at 1472. There is no evidence that the Defendant's failure to appear is the result of excusable neglect. The Defendant was properly served with the summons and complaint on May 10, 2016, and the Plaintiff provided the proof of service. Dkt. 46, Exh. 1. To date, Defendant has not filed anything that could be construed as an attempt to set aside the entry of default for this claim. Therefore, this factor weighs in favor of the Plaintiff.

Lastly, factor seven concerns the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel,* 782 F.2d at 1472. Although cases should be decided on the merits whenever possible, the Defendant's failure to appear has made such a decision impractical. Therefore, this factor also weighs in favor of the Plaintiff. Accordingly, the *Eitel* factors in this case are weighed in favor of granting default judgment.

### IV. Remedy

#### A. Statutory Damages

For violations of the TCPA, statutory damages may be awarded "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each violation, whichever is greater…." 47 U.S.C. § 227(b)(3)(B). However, "[i]f the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3)(C).

The Plaintiff has not alleged that he suffered monetary loss in excess of $500 as a result of the text message sent by Click Cash. Therefore, he is entitled to $500 under the statute. The Court may award up to $1,500 if it finds that the Defendant acted willfully or knowingly. However, this increase in damages is at the Court's discretion.

Initials of Preparer   :

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-01269-SVW-FFM | Date | October 31, 2016 |
|---|---|---|---|
| Title | *Todd Friedman v. Everquote, Inc.; Click Cash Management, Inc.; Does 1-10* | | |

  The Plaintiff has brought a cause of action for a knowing or willful violation of the TCPA. However, his factual allegations do not support such a conclusion. He alleges that he received one text message, to which he replied "Stop." After sending "Stop," he did not receive any more text messages. The FAC, in bringing a cause of action for a knowing or willful violation, states, "The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and-or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq." FAC, ¶ 41. However, the FAC only describes one text message received by the Plaintiff. Therefore, the Plaintiff's legal conclusions regarding willfulness are not supported by his factual allegations.

  Additionally, even if the Court did find that the Plaintiff's allegations with respect to willfulness are sufficient, it would still be at the Court's discretion whether to increase the statutory damages above $500. As the Plaintiff has alleged that he received only one text message, the Court finds that no such increase is justified by the facts of this case. Thus, the Plaintiff is entitled to the statutory damages prescribed by the statute. Accordingly, Plaintiff is awarded $500 in statutory damages.

### B. Attorneys' Fees and Costs

  The Plaintiff includes in his application for default judgment a request for attorneys' fees and court costs. However, the TCPA does not provide for attorneys' fees. According to Local Rule 55-3, attorneys' fees may be given in a default judgment when "a promissory note, contract or applicable statute provides for the recovery of reasonable attorneys' fees...." L.R. 55-3. As no such attorneys' fees are provided for in the statute or otherwise, the Court cannot grant attorneys' fees as part of this application for default judgment.[1]

  The Plaintiff, as the prevailing party, is entitled to court costs, and shall submit a request for costs to the court clerk.

---

[1] The Court notes that almost all of the fees accumulated in this case, according to Plaintiff's counsel own billing records, are related to the Plaintiff's action against Everquote, not Click Cash, providing an independent reason why the Plaintiff would not be entitled to the attorneys' fee award he requests.

Initials of Preparer   PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-01269-SVW-FFM | Date | October 31, 2016 |
| Title | *Todd Friedman v. Everquote, Inc.; Click Cash Management, Inc.; Does 1-10* | | |

### V. Conclusion

For the foregoing reasons, the Court GRANTS Plaintiff's motion for default judgment. The Court AWARDS the Plaintiff $500.00 in statutory damages.

The prevailing party shall submit a proposed judgment consistent with this order.

IT IS SO ORDERED.

                                                                                                                          :

Initials of Preparer      PMC